CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 14 2006

JOHN F. CORCORAN, CLERK
BY:
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

PHILLIP HOWELL, )
   Plaintiff, )
)
v. ) Civil Action No. 7:05cv00099
)
JO ANNE B. BARNHART, )
COMMISSIONER OF SOCIAL SECURITY, ) By: Hon. Michael F. Urbanski
   Defendant. ) United States Magistrate Judge
)

## MEMORANDUM OPINION

Plaintiff Phillip Howell ("Howell") brought this action pursuant to 42 U.S.C. § 405(g) for a review of the final decision of the Commissioner of Social Security denying his claim for Social Security Income ("SSI") under Title XIV of the Social Security Act, 42 U.S.C. §§ 1381-1383. The parties have consented to the undersigned Magistrate Judge's jurisdiction over this matter, and the case is before the court on cross motions for summary judgment. Having reviewed the record, and after briefing and oral argument, the case is now ripe for decision. As the ALJ's decision is amply supported by evidence in the record, it must be affirmed.

I

Plaintiff was born on July 26, 1951 and has a GED. (Administrative Record, hereinafter "R." at 15, 493) Howell's previous work includes that of a truck driver and construction worker. (R. 15, 500, 508) Plaintiff filed a prior application for SSI in April of 1993, claiming disability based upon back and heart problems. (R. 31) The ALJ denied plaintiff's claim, and the Appeals Council subsequently denied plaintiff's request for review. (R. 30-34, 41-42) Plaintiff did not appeal. Howell last worked in 1997. (R. 15, 491)

Plaintiff filed the instant application for SSI on April 16, 1998 alleging he became disabled on July 16, 1997, due to disc disease, pinched nerves in the back and leg, memory loss and heart problems. (R. 58-61, 89, 491-92) Plaintiff's claims were denied at both the initial and reconsideration levels of administrative review. (R. 15, 43-48) Howell subsequently requested an administrative hearing. (R. 50) At the hearing scheduled for July 9, 1999, the ALJ vacated the reconsideration determination and remanded plaintiff's case to the state agency for consideration of his mental impairment, raised for the first time at the hearing. (R. 330-334) The state agency considered plaintiff's mental impairment and again denied plaintiff's claim. (R. 335-336)

Plaintiff then requested another administrative hearing. (R. 337) A hearing was held before the ALJ on January 4, 2001. (R. 488-524) On March 22, 2001, the ALJ issued a decision, finding plaintiff disabled from July 16, 1997 through July 1, 1999, but denying plaintiff's claim for SSI thereafter, finding Howell has been able to perform light work since July 2, 1999 that involves no more than fifteen (15) minutes of continuous sitting, ten (10) minutes of continuous standing, walking half of a block, or occasional stooping or crouching. (R. 21) Plaintiff was awarded SSI benefits for the closed period of disability but his eligibility for benefits terminated on September 30, 1999, the last day of the second calendar month after the month in which disability ceased. (R. 21)

The ALJ's decision became final for the purposes of judicial review under 42 U.S.C. § 405(g) on December 20, 2004, when the Appeals Council denied plaintiff's request for review. (R. 7-9) Plaintiff then filed this action challenging the Commissioner's decision.

## II

Plaintiff makes three principal arguments on appeal. First, he argues that the ALJ erred by failing to properly consider the plaintiff's impairments due to depression and anxiety. Second, he contends that the ALJ failed to properly credit the opinion of his treating physician that he was disabled from all work. Third, plaintiff submits a host of medical records, not included in the administrative record, in the hopes of obtaining a remand.

The court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the conditions for entitlement established by and pursuant to the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

## III

Plaintiff argues that the ALJ shrugged off his anxiety and depression and did not consider them to constitute severe impairments. In that regard, plaintiff argues that the ALJ placed too much emphasis on the fact that plaintiff's consultative psychologist indicated that he could work at least part-time. In fact, the report of plaintiff's consulting psychologist, David P. Ribbe, Ph.D., stated that "[i]n general, while Phillip seems to have some genuine psychological problems from which he suffers as a result of his most recent car accident, it is not believed they are of the severity to preclude at least part-time employment. His physical capability of working, however,

3

is questionable and should be evaluated by a physician." (R. 391) Plaintiff argues that as the consultative psychologist indicated that his depression and anxiety did not preclude part-time employment, that does not mean that his mental state allows him to engage in full time employment.

Plaintiff's argument ignores his burden in proving the existence of a severe disabling impairment. The Social Security regulations place the burden of proving disability on the claimant. 20 C.F.R. § 416.912(a). The regulation states:

> In general, you have to prove to us that you are blind or disabled. This means that you must furnish medical and other evidence that we can use to reach conclusions about your medical impairment(s). If material to the determination whether you are blind or disabled, medical and other evidence must be furnished about the effects of your impairment(s) on your ability to work...on a sustained basis.

Id.; see also Reichenbach v. Heckler, 808 F.2d 309, 311 (4th Cir. 1985); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

Further, plaintiff argues that his global assessment of functioning ("GAF") score of 50 confirms his severe impairment. (Pl.'s Br. 8) The problem with this argument is that the consultative psychologist actually scored him at 55, in the moderate range of limitations, instead of at 50, which would have put plaintiff in the seriously impaired category. (R. 391)

The GAF scale is a method of considering psychological, social and occupational function on a hypothetical continuum of mental health. The scale ranges from 0 to 100, with serious impairment in functioning at a score below 50, moderate difficulty in functioning at 60 or below, some functioning difficulty at 70 and below, and so forth. American Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders 32 (4th ed. 1994). An individual with a

4

score of 55 has moderate symptoms or moderate difficulty in social, occupational, or school functioning. Id.

The report of the consultative psychologist does not indicate that Howell is disabled from all work by virtue of his anxiety and depression. The ALJ reviewed in detail the findings of the consultative psychologist's report and found that plaintiff's "daily activities, social functioning, and concentration are no more than slightly limited." (R. 19) Plaintiff's argument that he suffers from a severe mental impairment due to anxiety and depression is not supported by the medical evidence in this case. On this record, therefore, there is no credible basis to contend that the ALJ's decision is either factually unsupported or legally flawed.

## IV

Plaintiff next argues that the ALJ failed to properly consider the opinions of the plaintiff's treating physician, Dr. Kenneth Jones. Dr. Jones first saw the plaintiff on July 25, 1997 for injuries he sustained after the bed of the dump truck he was driving caught an Interstate bridge and caused a severe accident. (R. 286) Dr. Jones noted plaintiff complained of back pain, left leg pain, and right knee pain. (R. 286) Plaintiff saw Dr. Jones again in August of 1997 for low back pain and right knee pain. (R. 285) Dr. Jones noted plaintiff had tenderness over the lumbar spine, though no obvious focal neurological deficits, as well as a good range of motion in his knee. (R. 285) Seven days later, plaintiff returned to see Dr. Jones, complaining still of knee and low back pain. (R. 285) The doctor's notes revealed he was to begin physical therapy. (R. 285)

Dr. Jones wrote a letter on September 11, 1997, certifying that plaintiff was being treated for injuries sustained in a truck accident, and that the date he would be released back to work was unknown. (R. 283) On September 15, 1997, plaintiff returned to see Dr. Jones for continued

5

knee pain. (R. 282) Dr. Jones noted Dr. Hatch had recommended more physical therapy, which plaintiff had previously discontinued after only one week. (R. 282)

On January 5, 1998, plaintiff visited Dr. Jones after being admitted to the hospital for chest pains one week prior. (R. 280) He noted Howell most likely has significant coronary disease. (R. 280) Dr. Jones advised plaintiff to stop smoking, and for the time being stay quiet and not do any physical activity. (R. 280) A subsequent note, dated January 21, 1998, indicates plaintiff complained of worsening radicular pain down the left leg for the previous month. (R. 279) Dr. Jones ruled out lumbosacral disc disease. (R. 279) On March 6, 1998, the doctor noted that plaintiff's MRI had not changed since the one taken in 1996. (R. 278)

Plaintiff complained in April, 1998 of episodes of losing his balance and falling. (R. 277) A brain MRI was negative. (R. 276) In September of the same year, a cardiac exam revealed regular rate and rhythm, and Dr. Jones noted plaintiff had idiopathic dilated cardiomyopathy with normal coronary arteries, as well as chronic back pain. (R. 273) Plaintiff further complained of leg numbness in October, 1998 and arthritic symptoms in February, 1999. (R. 312) Howell indicated he was, at the time, not taking cardiac medication because he could not afford it, and he was not taking his blood pressure medication. (R. 312) In May, 1999, doctor's notes reveal that plaintiff was not considered a good surgical candidate. (R. 314)

In June, 1999, Dr. Jones opined as to Howell's ability to participate in work-related activities and stated that plaintiff could lift and carry less than ten (10) pounds, could not stand or walk during the workday, could sit less than two (2) hours, required a change in positions after ten (10) minutes, and needed to lie down at unpredictable intervals. (R. 294) Plaintiff continued to complain to Dr. Jones of chronic back pain in August and November, 1999, (R. 370), and it

6

was noted in March, 2000 that he had been thoroughly evaluated by Dr. Kleiner, a neurosurgical consultant, who had no explanation for his chronic pain. (R. 369)

The ALJ expressly considered the evaluation of Dr. Jones but discounted it, finding that it was both inconsistent with the record and unsupported. (R. 17-18) The ALJ determined that Dr. Jones' opinion that plaintiff was totally disabled was inconsistent with certain episodes of strenuous activity engaged in by plaintiff and documented elsewhere the medical record. In particular, the ALJ noted that in May, 1999, hospital records indicate Howell was injured while trying to pull a motorcycle. (R. 19) Additionally, on June 3, 1999 he reported having a "fairly strenuous day" mowing the yard and doing other yard work. (R. 19) Plaintiff was injured November 23, 1999 while working on a motor and acknowledged "significant improvement" in his exercise capacity when visiting Dr. Calkins the following day. (R. 19) Finally, on March 21, 2000, plaintiff stated he "felt well enough to do some digging in his yard." (R. 19) The ALJ also found Dr. Jones' conclusion that plaintiff was totally disabled to be unfounded, as the doctor could not identify any cause for his back pain. (R. 17-18) The ALJ thus concluded that plaintiff's condition had improved by July 1, 1999 to the point that plaintiff was capable of some light work. (R. 19)

Accordingly, the ALJ's decision to discount Dr. Jones' opinion that plaintiff was totally disabled is supported by substantial evidence.

V

As an alternative to finding summary judgment in favor of the plaintiff, plaintiff requests that the court remand this case under sentence six of 42 U.S.C. § 405(g) for consideration of new evidence. Sentence six authorizes the court to remand a case to the Commissioner upon a

7

showing of new, material evidence, for which good cause can be shown for the failure to incorporate such evidence into the record in a prior proceeding. 42 U.S.C. § 405(g); Borders v. Heckler, 777 F.2d 954, 955 (4th Cir. 1985). Sentence six applies specifically to evidence not incorporated into the record by either the ALJ or the Appeals Council. (See, e.g., Pl.'s Br. Ex. 1)

Plaintiff argues for a sentence six remand based on a number of medical records dated February 5, 2001 to April 7, 2005, not considered by the ALJ or the Appeals Council. (Pl.'s Br. Ex. 1) The Fourth Circuit in Borders held a reviewing court may remand a case to the Commissioner on the basis of newly discovered evidence if four prerequisites are met. Borders, 777 F.2d at 955. First, the evidence must relate back to the time the application was first filed, and it must be new, in that it cannot be merely cumulative. Id.; see also Wilkins v. Sec'y, Dep't Health & Human Servs., 953 F.2d 93, 96 (4th Cir. 1991). The evidence must also be material to the extent that the Commissioner's decision might reasonably have been different had the new evidence been before her. Borders, 777 F.2d at 955. There must be good cause for the claimant's failure to submit the evidence when the claim was before the Commissioner. Id. Finally, the claimant must present to the remanding court at least a general showing of the nature of the new evidence. Id.

Plaintiff has met the fourth step of the Borders test in this case, as plaintiff has provided the court with the evidence to be considered on remand and the court understands its nature, see Borders, 777 F.2d at 955, but has not satisfied the other requirements for remand. A sentence six remand is inappropriate because the evidence is neither new nor material, nor has the plaintiff shown good cause as to why a number of the records were not previously submitted to the Appeals Council.

8

The records provided by plaintiff in Exhibit 1 do not warrant a <u>Borders</u> remand because the records and plaintiff's complaints documented therein are, on the whole, cumulative, and because the records have no possibility of changing the Commissioner's decision in this case. Tab A to Exhibit 1 contains a number of records from Dr. Jones in which plaintiff continued to complain of back and knee pain. He was given a number of prescription refills, and the doctor repeatedly attempted to change his medication in order to help alleviate the chronic pain claimed by Howell. On a few occasions, records noted that plaintiff "denies any problems," "states he is doing fine. No apparent problem," and is "feeling well without current health concerns." (Pl.'s Br. Ex. 1, Tab A) The doctor's notes merely continue to document plaintiff's complaints of pain and prescription refills.

Plaintiff specifically asks the court to consider the Functional Capacities Evaluation performed by New River Wellness. (Pl.'s Br. 12) The physical therapist who completed the evaluation stated that plaintiff's current physical demand level was less than sedentary, as of the date of the evaluation in March, 2002. However, this evaluation is not likely to change the Commissioner's decision, as a physical therapist is not considered an acceptable medical source who can provide evidence as to an impairment. 20 C.F.R. § 416.913. Additionally, the regulations make clear that the ultimate determination of disability is reserved to the Commissioner. 20 C.F.R. § 416.927(e)(1) ("A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled.").

Additionally, in Tab B, plaintiff provided the court with a number of hospital records from Radford Community Hospital. Plaintiff was seen in the emergency room countless times complaining of both back and knee pain. Records of these visits are cumulative, as are the

9

notations of plaintiff's heart problems. Plaintiff was noted to be a frequent emergency room visitor, and was able to receive a number of prescriptions for pain medication in the emergency room. It was once noted by medical personnel "I think he is only here for Lortab." Additionally, records reveal that on at least two occasions, plaintiff complained of pain after engaging in strenuous activity. For example, on May 29, 2004 records indicate plaintiff was seen in the emergency room after injuring his back while helping his son install an air conditioner. On March 9, 2005, he complained of pain that began while he was wrestling with his grandchildren. These documents lend weight to the ALJ's determination that Dr. Jones' finding of disability is inconsistent with Howell's episodes of strenuous activity. (R. 19); see also discussion § IV, supra. These hospital records neither produce new evidence, nor material evidence, and accordingly, do not require remand under Borders.

Further, plaintiff has failed to show good cause as to why a number of these records were not presented to the Appeals Council before it issued its decision of December 20, 2004. The records provided by plaintiff in Exhibit 1 date from February, 2001. Plaintiff has given no reason why the earlier records from both Dr. Jones and the emergency room in Radford could not have previously been provided to the Appeals Council.

As none of the evidence presented to the court by the plaintiff would warrant a sentence six remand under Borders, the decision of the ALJ is affirmed.

## VI

Substantial evidence supports the ALJ's finding that plaintiff is not disabled under the Act. Furthermore, remand is inappropriate in this case under Borders. Accordingly, the decision of the Commissioner is affirmed, and plaintiff's motion for summary judgment is denied.

In affirming the final decision of the Commissioner, the court does not suggest that plaintiff is totally free of all pain and subjective discomfort. The objective medical record simply fails to document the existence of any condition which would reasonably be expected to result in total disability for all forms of substantial gainful employment. It appears that the ALJ properly considered all of the objective and subjective evidence in adjudicating plaintiff's claim for benefits. It follows that all facets of the Commissioner's decision in this case are supported by substantial evidence. Defendant's motion for summary judgment must be granted.

The Clerk of the Court hereby is directed to send a certified copy of this Memorandum Opinion to all counsel of record.

**ENTER:** This 14th day of February, 2006.

Michael F. Urbanski
United States Magistrate Judge